THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SIDNEY GUTTERSON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MURRAY FORMAN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMAN GROSSMAN, True Name HERMAN RABINOWITZ, Appellant.— Judgment of the County Court of Kings county convicting each of the defendants of burglary in the third degree and grand larceny in the first degree, and orders, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHESTER LANE, INC., Appellant, v. PAUL A. BANKSON, as Commissioner of Assessment and Taxation of the City of New Rochelle, WALTER J. BRENNAN and Others, as Members of and Constituting the Board of Equalization and Review of Said City, and EUGENE M. HEINEY, as City Clerk of Said City, Respondents.— Order vacating and setting aside the report of a referee in certiorari proceedings to review the assessments on a parcel of real property in the city of New Rochelle for the years 1935 and 1936 unanimously affirmed, with fifty dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

THOMAS ROMANO, Appellant, v. THE CITY OF NEW YORK, ISAAC CUTLER and HELEN CUTLER and LOUIS CUTLER and PAUL CUTLER, Individually and as Copartners Doing Business under the Trade Name of LOUIS CUTLER & SON, Respondents. — In an action by plaintiff for personal injuries suffered by reason of a claimed defect or hole in a sidewalk in which was lying a portion of an automobile spring claimed to have come from the junk yard of the defendants Cutler, the court directed a verdict in favor of all the defendants. As to defendant city of New York, judgment affirmed, with costs. No opinion. Davis, Adel and Close, JJ., concur; Lazansky, P. J., and Carswell, J., dissent and vote for reversal and a new trial on the ground that there was a question of fact as to the depth of the hole. As to defendants Cutler, judgment reversed on the law and a new trial granted, costs to appellant to abide the event, on the ground that there was a question of fact as to liability based on the "metal spring" and responsibility therefor. (Hughes v. Borden's Farm Products Co., Inc., 252 N. Y. 532.) Lazansky, P. J., Carswell and Davis, JJ., concur; Adel and Close, JJ., dissent and vote to affirm.

CAMELIA ROURANGE, as Administratrix, etc., of JULIO AUGUSTO ROURANGE, Deceased, Appellant, v. COLOMBIAN STEAMSHIP COMPANY, INC., Respondent.— In an action brought under the Jones Act to recover for the death of plaintiff's intestate, who, while employed on defendant's steamship, was fatally shot by a fellow-employee with a pistol which a passenger had directed him to clean, judgment in favor of defendant, dismissing the complaint, unanimously affirmed, with costs. Assuming that Pardo was acting within the scope of his employment in undertaking to clean the gun, which would have presented a question of fact for the jury, it nevertheless appeared from the plaintiff's evidence that Pardo had abandoned his duties in displaying the pistol to the deceased, and consequently his employer is not liable. (Ford v. Grand Union Co., 268 N. Y. 243; Culhane v. Economical Garage Co., 188 App. Div. 1.) Present — Lazansky, P. J., Davis, Johnston, Adel and Close, JJ.